104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Augustine N. Okeke, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70092.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Adx-ycf-dps.
 BIA
 REVIEW DENIED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Augustine N. Okeke, a native and citizen of Nigeria petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's (IJ) decision finding him deportable as an alien excludable at the time of entry on the basis of abandonment of his lawful permanent resident status pursuant to 8 U.S.C. § 1251(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition.
 
 
 3
 Because the BIA's conclusion about an alien's intent is essentially factual, we review this finding for substantial evidence. See Chavez-Ramirez v. INS, 792 F.2d 932, 934-35 (9th Cir.1986).
 
 
 4
 An alien does not abandon his lawful permanent resident status simply by leaving the United States, so long as the trip is characterized as a "temporary visit abroad." See 8 U.S.C. § 1101(a)(27)(A). "[A] permanent resident returns from a 'temporary visit abroad' only when (a) the permanent resident's visit is for a 'period relatively short, fixed by some early event' or (b) the permanent resident's visit will terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time." Chavez-Ramirez, 792 F.2d at 936-37.
 
 
 5
 If the visit is premised on the second guideline, but the event does not occur in a relatively short time period, the visit will be considered temporary only if the alien has "a continuous, uninterrupted intention to return to the United States during the entirety of his visit." Id. In determining whether the alien held this intention, factors to be considered include the alien's family ties, property and business affiliations in the United States; the duration of the alien's residence in the United States; and the alien's family, property and business ties in the foreign country. Id. It is also appropriate to consider whether the alien's conduct outside the United States evinces an affirmative indication that he intends to remain in the foreign country. Id.
 
 
 6
 Here, the BIA found that, although Okeke acquired permanent resident status in 1980, he subsequently abandoned that status because his living in Nigeria from 1983 to 1990 did not qualify as a temporary visit abroad under 8 U.S.C. § 1101(a)(27)(A). The BIA specifically found that Okeke did not have a continuous uninterrupted intention of returning to the United States. See Chavez-Ramirez, 792 F.2d at 937.
 
 
 7
 The BIA considered the appropriate factors in making its determination as to whether Okeke had an uninterrupted intention to return to the United States. See id. First, the BIA found that Okeke's visit to Nigeria was originally supposed to be temporary; he planned to be in Nigeria for 45 days in order to attend his grandmother's burial service. Before he left the United States in January 1983, Okeke arranged for leave without pay from his job, and he arranged for a friend to continue paying rent on his apartment for several months. Several months later, however, Okeke married a Nigerian citizen. Subsequently, Okeke and his Nigerian wife had four children together, and the family lived with Okeke's extended family in a large compound in Nigeria from 1983-1990. Okeke found part-time work and also assisted his father with farming. Although Okeke made repeated inquiries about the status of his wife's visa application, he made no inquiry at all regarding his status as a lawful permanent resident of the United States.
 
 
 8
 Okeke argues that, although he always intended to return to the United States, a coup d'etat that occurred in Nigeria in 1983 resulted in political oppression that precluded him from leaving, and delayed his wife's visa application process. Okeke testified that the new regime imposed a travel ban on all Nigerians. He also testified that his family was singled out and warned not to leave because his cousin, Alex Ekweme, was the former vice-president of Nigeria, who had been ousted and imprisoned in the 1983 coup. Okeke testified that, after his cousin was released from prison in 1990, it was safe for Okeke to begin the process of returning to the United States.
 
 
 9
 The BIA found that Okeke's testimony about travel restrictions was not credible because he was contradicted by country reports and immigration reports that stated that there were no travel restrictions imposed on Nigerians during Okeke's seven-year stay in Nigeria. This adverse credibility determination is supported by substantial evidence in the record. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256-57 (9th Cir.1992). In addition, the BIA found that Okeke's statement that his cousin Ekweme was not released from prison until 1990 was contradicted by the country reports, which stated that Ekweme was released in 1986.
 
 
 10
 Upon our review of the record, we conclude that substantial evidence supports the BIA's finding that Okeke did not maintain a continuous, uninterrupted intention to return to the United States. See Chavez-Ramirez, 792 F.2d at 937-38. Accordingly, the BIA did not err by finding that Okeke abandoned his status as a lawful permanent resident, and thus, he was excludable at the time of entry. See 8 U.S.C. § 1251(a)(1).
 
 
 11
 Okeke also contends that the institution of deportation proceedings constituted double jeopardy and racial discrimination. We lack jurisdiction to address this contention because Okeke raises this issue for the first time in his petition for review. Assuming arguendo that this contention raises a constitutional issue, which would allow us to address it, see Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987), we conclude that the BIA clearly had jurisdiction to address this issue, see Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Accordingly, we lack jurisdiction to address this issue because Okeke has failed to exhaust his administrative remedies. See Rashtabadi, 23 F.3d at 1567; Vargas, 831 F.2d at 907-08.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3